# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**155**

**KA 08-01558**

PRESENT: SMITH, J.P., CARNI, SCONIERS, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

C.W. POOLE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered August 14, 2007. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and assault in the second degree (four counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentence imposed on count two of the indictment shall run concurrently with the sentences imposed on counts four and six of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The conviction arises from an altercation between defendant and two Rochester police officers, during which defendant obtained one of the officers' service weapons and struck both of the officers with it, causing each of them physical injury. Based on the record before us, we reject defendant's contention that Supreme Court erred in denying his request to charge the defense of justification (*see People v Stevenson*, 31 NY2d 108, 112; *People v Rison*, 130 AD2d 596, *lv denied* 70 NY2d 654).

We agree with defendant, however, that the sentence imposed for criminal possession of a weapon in the second degree must run concurrently with the sentences imposed for assault in the second degree (Penal Law § 120.05 [former (2)]) under counts four and six of the indictment inasmuch as the possession of the weapon by defendant and his use of the weapon as a dangerous instrument against each officer arose out of the same criminal act (*see* § 70.25 [2]; *see generally People v Cox*, 256 AD2d 1244, *lv denied* 93 NY2d 923). We therefore modify the judgment accordingly. The sentence, as modified,

is not unduly harsh or severe.